# Jones, *et al. v.* Elliot.

*Action for Damages for Permitting Stock to Run at Large.*

(Decided April 11, 1907.  43 So. Rep. 564.)

1. *Stock Law; Boundary of District.*—The establishment of a stock law is not void for uncertainty in the description of its boundary where the boundary is described by metes and bounds so as to be followed by competent surveyor.

2. *Same.*—Where all the territory embraced in the boundary lines is in the stock law district and no non stock law territory is disconnected from the main portion by the boundary lines of the stock law territory the fact that such boundary lines are irregular in their running, does not render the establishment of the district void.


APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by J. M. Elliott, Jr., against E. C. Jones and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Plaintiff sued defendants for permitting stock to run at large within a district in which stock are prohibited from running at large, to his damage in the sum of $50. It was shown on the trial that the lines of the district as established could be followed by any competent surveyor, and laid out with certainty from the description therein contained.

GEORGE D. MOTLEY, for appellant.—The courts take judicial knowledge of public surveys, maps, plats, etc. *Knabe v. Burden,* 88 Ala. 440; *Chambers v. Ringstaff,*

69 Ala. 146.; *Schener v. King*, 121 Ala. 223. The court judicially knows where the rivers of the state run.—31 Ala. 76. The map attached being made by an expert, the court will look to it to determine whether the lines as established are practicable and where such lines are located.—*Gordon v. Tweedy*, 74 Ala. 234. The lines establishing the stock law district are such that the court will not uphold such a district.—131 Ala. 492.

DORTCH, MARTIN & ALLEN, for appellee.—The district was established in strict conformity to the requirements of the local acts for the establishment of the stock law in Etowah county, and the case cited by appellant has no application.

ANDERSON, J.—The only point made by the appellants for a reversal of this cause is that the trial court erred in permitting the introduction in evidence of the decree or order of the probate judge establishing the stock district in a part of beat 28, Etowah county. This district was established under Acts 1900-01, p. 170, which provides: "That whenever ten freeholders or householders in any beat or part of a beat in Etowah county shall petition," etc. The order or declaration in question embraces a part of said beat 28, which is described by metes and bounds, and we are not prepared to say that the description is void for uncertainty, as it could be followed by any competent surveyor, which fact was in effect proven, without objection and by appellants' witness; but we are not called upon to pass upon the propriety of this evidence. It is contended that the following part of the description is especially deficient: "Thence north along said range, between ranges 5 and 6, to the top of the mountain; thence along the top of the mountain in a northeasterly to the S. W. corner of the E. 1-2 of N. E. 1-4 of section 28, township 12, range 6 E." We do not consider it indefinite. It is true that the word "range" is used in a place where "line" would probably be better, and the word "direction" is omitted where it could well appear; but any competent surveyor would take this description and go

north along the line between ranges 5 and 6 to the top of the mountain (that is, to the highest point of the mountain along said line between ranges 5 and 6), and after reaching the top follow it in a northeasterly direction to the southwest corner of the E. 1-2 of N. E. 1-4 of section 28, township 12, range 6 E.

It is further insisted that, if the territory is not so indefinitely described as to render the order void for that reason, it is offensive to the law, because the lines "zigzag" to the extent of rendering it a fraud and offensive to the law. The boundaries are not straight and uniform, and that part of the beat contained in the stock law district is in a rather peculiar shape; but all territory embraced in the boundary lines is in the stock district, and they in no way disconnect any non-stock territory from the main portion. It is a separate and distinct part of the beat, containing within the boundaries nothing but what is stock-law territory. If the mere zigzagging of the lines amounted to a fraud, then nature has greatly contributed thereto, as a good portion of the line follows the meandering of the Coosa river, Big Wills creek, and the mountain top. The law does not contemplate that the part detached from the non-stock district should be square, or that its boundary should follow township or section lines. There may be beats which are divided into almost distinct subdivisions by small streams, public roads, railroads, mountains, or other objects long recognized as lines of demarcation, but which have no regard for compass or survey, yet it might be that conditions are such that all on one side of the creek, road, railroad, or mountain would desire the stock law, and those on the other side would not, and would wish the boundary line fixed by the road, creek, or mountain, regardless of curves or crooks, or the government survey. Again, there may be landowners whose farms would be split by putting a part in and leaving the other part out of the stock district, if the boundary line had to run straight and along section or subsection lines, notwithstanding all parties interested would wish to run the line so as to include or exclude his entire farm.

There is nothing in this opinion to conflict with what was held by this court in the case of *Street v. Hooten,* 131 Ala. 492, 32 South. 580. Moreover, what was said in that case with reference to boundaries was mere dictum, and was so regarded by the writer and the late Chief Justice.

The judgment of the city court is affirmed.

TYSON, C. J., and ,DOWDELLL and McCLELLAN, JJ. concur.


